IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-cv-252-WKW |
| | ) | [wo] |
| MANDO AMERICA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 36, filed November 6, 2009; Doc. 38, filed November 9, 2009). Pending before the Court is *Defendant Mando America Corporation's Motion for Summary Judgment* and supporting documentation (Docs. 33-35, filed November 6, 2009). For good cause, it is the recommendation of the Magistrate Judge the Motion for Summary Judgment be granted.

## I.   PARTIES

*Pro se* plaintiff, Joe West ("West" or "Plaintiff") is a resident of Phenix City in Russell County, Alabama, located in the Middle District of Alabama.

Defendant Mando America Corporation ("Mando" or "Defendant") is a automobile parts supplier that does business in Opelika, Alabama.

## II.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. § 2000e-5 (Title VII).  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III.   NATURE OF THE CASE AND MOTION FOR SUMMARY JUDGMENT

The underlying facts of this case are necessarily viewed in favor of the nonmovant *pro se* Plaintiff.  West initiated this action on March 26, 2009.  *See* Doc. 1.  In his complaint, West asserts claims pursuant to Title VII, 24 U.S.C. § 2000e-5.  *Id*.  West specifically alleges discrimination due to his race (black) in a demotion and retaliation.  *Id*.  He brings claims against his former employer, Mando.[1]

The complaint provides minimal details as to the factual basis of his claims.  West, a black male, asserts claims related a change in his job position on or about January 21, 2008.  He worked for Mando in a variety of positions, but specifically complains that he did not receive a position as either a Process Auditor or Quality Analyst.  *See* Doc. 1 at ¶ 9.  West asserts Mando used the reorganization of the department as a cover up to eliminate positions held by black employees.  *Id*.  He alleges white employees were treated more favorably when Mando filled positions in the newly reorganized department.  *Id*.

---

[1]      West also brought claims against Jerry Rolison, the Human Resources Manager at Mando.  *See* Doc. 1.  All claims against Rolison were dismissed by the Court on June 15, 2009. *See* Doc. 23.

On November 6, 2009, Mando submitted its Motion for Summary Judgment and supporting documentation. *See* Docs. 33-35.  In the motion, Mando asserts all the claims against it should be dismissed as there are no material facts at issue because West fails to establish his prima facie cases for his respective claims under Title VII.  Defendant also asserts, even if West does establish a prima facie case, he is unable to show that Defendant's proffered reasons are pretextual.

West timely filed his response and evidentiary submissions on November 30, 2009. *See* Docs. 40-42.  In his response, West avers he can make out a prima facie case of discrimination and retaliation.  *See* Doc. 41.  He also attaches his own affidavit as support for his allegations and response.  *See* Doc. 42, Exhibit A.  Mando filed a reply on December 7, 2009.  Mando also filed a motion to strike portions of Plaintiff's affidavit stating it is inconsistent with Plaintiff's prior sworn testimony; contains conclusory allegations, speculation, and conjection; mischaracterizes the evidence; and is irrelevant and immaterial. *See* Doc. 44.  The Court previously entered an order denying the motion to strike.  Based on all the above, the motion for summary judgment is fully briefed and now ripe for this Court's review.

## IV.   SUMMARY JUDGEMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial.  FED. R. CIV. P. 56(a) and (b).  Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial."  *Id*. at 249.  Only disputes about the material facts will preclude the granting of summary judgment.  *Id*. at 249.  A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.; *accord Greenberg v. Bell-South Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007); *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'").  Thus, the initial burden of proof rests on the movant.  *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Gonzalez*, 161 F.3d at 1294.  This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof.  *Celotex*, 477 U.S. at 322-23; 106 S.Ct. at 2552-53.  The admissibility of evidence is subject

to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (conclusory assertions in absence of supporting evidence are insufficient to withstand summary judgment). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted) (emphasis in original). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. Fed. R. Civ. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511 (citations omitted). Thus, to avoid summary judgment, the nonmoving party "must do more

than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*, 475 U.S. at 586 106 S.Ct. at 1356 (citations omitted).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the nonmovant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *Johnson*, 263 F.3d at 1242-43.  Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S.Ct. at 2513; *see also McCormick*, 333 F.3d at 1243 (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53.  In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id*. at 322, 106 S.Ct. at 2552

In addition, all litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.  Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## V.   DISCUSSION AND ANALYSIS

**A.      Race Discrimination - Failure to Transfer**

Under Title VII, it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  West asserts a discriminatory failure to transfer claim based on his race.  *See* Doc. 1 at ¶ 9; Doc. 41 generally.  With regard to disparate treatment claims under Title VII, a plaintiff must prove that the defendant acted with discriminatory purpose.  *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1293 (11th Cir. 2002) (citation omitted).  Specifically, a plaintiff must present either (1) statistical proof of a pattern of discrimination, (2) direct evidence of discrimination, which consists of evidence which, if believed, would prove the existence of discrimination without inference or presumption, or (3) circumstantial evidence of discriminatory intent using the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).  *See Holifield*, 115 F.3d at 1561-62.  In the case at hand, there is no indication of statistical proof of a pattern of discrimination nor does West present any direct evidence of discrimination.  "Only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination."  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (internal quotations and citations

omitted).  "If the alleged statement suggests, but does not prove, a discriminatory motive, then it is circumstantial evidence."  *Id*. (citations omitted).  As a result, this circumstantial evidence case proceeds under the burden-shifting framework of *McDonnell Douglas* and its progeny.

First, under *McDonnell Douglas*, a plaintiff must create an inference of discrimination by establishing a prima facie case.  *Williams*, 303 F.3d at 1293.  Next, should the plaintiff establish a prima facie case, the burden shifts to the defendant to present legitimate, nondiscriminatory reasons for the employment action.  *Holifield*, 115 F.3d at 1564.  Although the establishment of a prima facie case shifts the burden of production to the defendant, it does not reallocate the burden of persuasion.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 2747,125 L.Ed.2d 407 (1993) (quoting *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct.1089, 1093, 67 L.Ed.2d 207 (1981) ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.")).  Once defendant has presented a legitimate, nondiscriminatory reason for its action, the burden shifts back to the plaintiff to produce "sufficient evidence to find that the employer's asserted justification is false" and in reality, a pretext for unlawful intentional discrimination.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000).  In other words, at the summary judgment stage, the plaintiff may survive by providing a prima facie case and evidence sufficient for a jury to find that the employer's proffered explanation is

false.  *Reeves*, 530 U.S. at 147-48, 120 S.Ct. at 2108-09.

      **i.**    **West's Burden to Establish Prima Facie Case**

      The two *prima facie* discrimination theories implicated in this action are generally referred to a reduction in force (RIF) and the failure to hire/promote.[2]  For a failure to hire or promote, under the *McDonnell Douglas* analysis, Plaintiff must first establish a prima facie case by showing: (1) he was a member of a protected class; (2) was qualified for and applied for the job; (3) despite his qualifications, he was rejected; and (4) the position was filled with less qualified individuals outside the protected class.  *Brown v. Ala. Dep't of Transp.* — F.3d — , — , 2010 WL 605582 at *7 (citing *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004)) (failure to promote); *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005) (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824); *Darke-Sims v. Burlington Coat Factory Warehouse of Alabama*, 330 Fed. Appx. 795, 803 (11th Cir. 2009) (failure to promote); *Polite v. Dougherty County Sch. Sys.*, 314 Fed. Appx. 180 182-83 (11th Cir. 2008) (applying in hiring and promotion context).  In a reduction in force case, the Eleventh Circuit has adopted a variant of the *McDonnell Douglas* test.  *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1990).  The modification is in the second element wherein the plaintiff must show he was qualified for his current position or to assume another position at the time of discharge or demotion.  *Id.*

---

[2]     In his complaint, Plaintiff also alleged the restructuring of the department was a racially motivated scheme, but he does nothing to support that claim, but instead focuses on not receiving one of the new positions.  As such, the Court deems it abandoned and focuses only on the failure to transfer claim.

Further, "[w]here a particular job position is entirely eliminated for nondiscriminatory reasons, for plaintiff to prevail against his employer he must show that he was qualified for another available job with that employer; qualification for his current position is not enough." *Id*. at 1083 (citations omitted). The burden to establish a prima facie case is not intended to be "onerous," but requires only that the plaintiff establish adequate facts to permit an inference of discrimination. *Holifield*, 115 F.3d at 1562 (citations omitted).

It is undisputed that West's race is protected under Title VII and that he was adversely impacted by an employment decision. Thus, elements one and three are met. Elements two and four are in dispute. In this reduction in force case, for element two West must first show he was qualified for his current position. There is no doubt or dispute that West was qualified for his current position of Quality Auditor. Therefore the Court looks to whether the position of Quality Auditor was eliminated entirely. It is clear from the pleadings of both parties that all the Quality Auditor positions were eliminated when the department was restructured. All the Quality Auditors were required to bid for the newly created positions of Process Auditor, Quality Analyst, and/or Inspection Technician. *See* Doc. 34 at p. 9-10; Doc. 42 at p. 5-6. Mando asserts Plaintiff cannot meet element two for several reasons.

Mando asserts West did not apply for at least two of the positions. First, West did not apply for the Inspection Technician position and even expressly said he did not want the position. *See* Doc. 35 at Tab A, West Depo at 155:17-156:4. Second, West did not officially bid on the Process Auditor position. Mando contends that when West did not originally bid,

he did not apply for the position. The Court disagrees. In his interview, West clearly demonstrated interest in the Process Auditor position and the facts viewed most favorably to West show that the interview panel may have considered him for the position once his interest was known. *Id*. As to the final position for Quality Analyst, Mando acknowledges West did apply for it. Therefore, the Court concludes that as to Quality Analyst and Process Auditor, West did apply and for the Inspection Technician position, West did not apply.

Next, Mando avers West cannot show that he was qualified for the positions. Specifically, Mando alleges that during his interview West did not sufficiently demonstrate a willingness to work with others, blueprint reading skills, and effective communication skills. They cite to paragraphs 53-55 as support. *See* Doc. 34 at p. 20. Each Quality Auditor had to bid for at least one of the three positions; therefore, the Court finds that West must have been at least minimally qualified as to the applied for positions, especially since he was granted an interview. *See* Doc. 34 at ¶¶ 49-51. While West was qualified by virtue of his previous position as a Quality Auditor, the Court cannot infer that he was necessarily the <u>best</u> qualified candidate. Therefore, for the purposes of the *prima facie* case, the Court presumes West was qualified for the Quality Analyst and Process Auditor positions and has met element two.

As to element four, West must show the two positions were filled by someone outside the protected class who was equally or less qualified than him. The Process Auditor positions were filled by James Worth (African American), Charles Nelson (African American), Renee

Eaddy (African American), Vicky Sims (white) and Fred Lumpkin (white).  *See* Doc. 34 at

¶ 56.  In short, the five Process Auditor positions were filled by three black people and two

white people.  For the Quality Analyst positions, Mando selected Peggy Sivell (white) and

Vicky Hutto (white).  Other than citing their races, West does nothing to show the selected

parties were less qualified than him for the positions.  As such, West fails to meet element

four of the prima facie case of discrimination.

### ii.    Legitimate Reason for Termination and Failure to Show Pretext

Even if West had made out a *prima facie* case of discrimination, Mando presents

legitimate, nondiscriminatory reasons for its choices.  The employer's burden is "exceedingly

light."  *Schweers v. Montgomery Public Schools*, 511 F.Supp.2d 1128, 1137 (M.D. Ala.

2007) (quoting *Holifield*, 115 F.3d at 1564).  The employer "need only produce evidence that

could allow a rational fact finder to conclude that [the employee's] discharge was not made

for a discriminatory reason."  *Id*. (quoting *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318,

1331 (11th Cir. 1998)).

West may demonstrate that Defendant's reasons were pretextual by revealing "such

weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in

[Defendants'] proffered legitimate reasons for its actions that a reasonable factfinder could

find them unworthy of credence."  *Springer v. Convergys Customer Mgmt. Group Inc.*, 509

F.3d 1344, 1348-49 (11th Cir. 2007) (citations omitted).  A reason is not pretext for

discrimination "unless it is shown both that the reason was false, and that discrimination was

the real reason." *Id*. at 1349 (citations omitted).  In the context of a promotion or hiring, "a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the person who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." *Id*. (quoting *Brooks*, 446 F.3d at 1163).  Finally, "a plaintiff must show that the disparities between the successful applicant's and his own qualifications were 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.'" *Id*. (quoting *Cooper*, 390 F.3d at 732; *see also Ash v. Tyson Foods, Inc*., 546 U.S. 454, 126 S.Ct. 1195, 1197, 163 L.Ed.2d 1053 (2006) (approving of this language from *Cooper*); *Bennett v. Chatham County Sheriff Dep't.*, 315 Fed. Appx. 152 (11th Cir. 2008) (quoting *Springer*).

West does nothing to show Mando's proferred reasons are pretextual.  Moreover, "Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered . . . extensive evidence of legitimate, non-discriminatory reasons for its actions."  *Young v. General Foods Corp.*, 840 F.2d 825, 830 (11th Cir. 1988) (quoting *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir. 1987)); *accord Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *Schweers*, 511 F.Supp.2d at 1138.  West merely asserts he should have received the positions he applied for.  The Court cannot and will not second-guess the wisdom of an employer's decision.  Therefore, West fails to show a genuine issue

of material fact regarding pretext and summary judgment on the discrimination claim is due to be granted.

## B.    Retaliation

Under Title VII, an employer may not retaliate against an employee because the employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie showing of retaliation under Title VII, the plaintiff must show (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 978 n. 52 (11th Cir. 2008) (quoting *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998)); *Cooper v. Southern Co.*, 390 F.3d 695, 740 (11th Cir. 2004) (quoting *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994)). A causal link can be established through evidence "that the protected activity and the adverse action were not wholly unrelated." *Brungart v. BellSouth Telecomms., Inc*., 231 F.3d 791, 799 (11th Cir. 2000) (quoting *Clover v. Total Sys. Servs., Inc*., 176 F.3d 1346, 1354 (11th Cir.1999)). "To show the two things were not entirely unrelated, the plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action and that there is a close temporal proximity between the protected expression and the adverse action."

*Byrne v. Ala. Alcoholic Beverage Control Bd.*, 635 F.Supp.2d 1281, 1297 (M.D. Ala. 2009) (internal citations, quotations, and modifications omitted).  In this circuit, lapses of time of more than three months between the alleged adverse action and the statutorily protected activity have been found to be insufficient to demonstrate a causal connection for the *prima facie* case.  *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (three to four months); *Higdon v. Jackson*, 393 F.3d 1211, 1221 (11th Cir. 2004) (three months); *Grier v. Snow*, 206 Fed. Appx. 866, 869 (11th Cir.2006) (eight months); *Hammons v. George C. Wallace State Cmty. Coll.*, 174 Fed. Appx. 459, 464 (11th Cir. 2006) (five months). Moreover, though courts should interpret "the causal link requirement broadly," merely showing that the alleged adverse action occurred sometime after the protected expression does not establish the causation element.  *Davis*, 516 F.3d at 978 n. 52 (internal quotations and citations omitted).  For temporal progression to be enough, the events must be in "very close" proximity.  *Id*.; *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (per curiam) (citations omitted) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close[.]'").

If the plaintiff makes out a *prima facie* case of retaliation, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the challenged employment action.  *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).  If the

employer accomplishes this, the plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct. *Id*.

In the instant suit, there is little dispute as to the first two elements as West filed an EEOC complaint in 2007 and was adversely impacted by an employment decision when his position was eliminated. Therefore, the Court looks to the disputed element - i.e. the causal link. West apparently relies on temporal proximity as the sole basis for the establishment of a causal link. *See* Doc. 41 at p. 5. He acknowledges the adverse employment action occurred in January 2008 when he was not selected for the positions of Quality Analyst and Process Auditor. *Id*. West attempts to use the decision to restructure the department (October 2007) as the applicable timeframe, but the Court finds that arguments lacks merit as the alleged "retaliation" did not occur until West was not selected for the positions  which is almost five months after he filed his EEOC complaint. *Id*. In opposing summary judgment, West fails to present evidence, other than a temporal proximity of five months. Mere temporal proximity, without more, must be "very close" and a five month disparity between the statutorily protected activity and the adverse employment action is not enough. Thus, in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law. *Thomas*, 506 F.3d at 1364. Alternatively, even if West had established a *prima facie* case, he does nothing to show Mando's proferred reason is mere pretext. Ergo, summary judgment should be granted.

## C.    Constructive Discharge

Though this Court reads *pro se* litigant's pleadings liberally, it declines to conclude that West asserted a constructive discharge claim in his complaint.  *See* Doc. 1.  Additionally, West did not respond to Defendant's summary judgment argument on the claim.  Therefore, the Court finds that any constructive discharge claim West attempted to assert has been abandoned.  *See, e.g., Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (citations omitted) ("[T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."); *see also Robinson v. Regions Fin Corp.*, 242 F.Supp.2d 1070, 1075 (M.D. Ala. 2003) (Where Plaintiff's opposition to motion for summary judgment addresses only some claims, the remainder were deemed abandoned).

## VI.   CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)    *Defendant Mando America Corporation's Motion for Summary Judgment* (Doc. 33) be **GRANTED** .

(2)    This action be **DISMISSED with prejudice**.

(3)    Any other outstanding motions be **DENIED as moot**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **April 27, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous,

conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 13th day of April, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE