IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOE WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:09-CV-252-WKW |
| ) | |
| MANDO AMERICA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Joe West sued Defendant Mando America Corporation for race discrimination and retaliation, in violation of federal employment anti-discrimination law. *See* 42 U.S.C. § 2000e-5 ("Title VII"). The Magistrate Judge entered a Report and Recommendation ("R&R") (Doc. # 49), recommending that Mando America's motion for summary judgment (Doc. # 33) be granted. Mr. West timely filed an Objection (Doc. # 51) to the R&R. Accordingly, the court reviews those portions of the R&R to which Mr. West objects *de novo*. 28 U.S.C. § 636(b).

### I. DISCUSSION

**A. <u>Race Discrimination – Failure to Promote Claim</u>**

Mr. West's first objection is to the R&R's resolution of his claim that the failure to transfer him into a new position as a "process auditor" or "quality analyst." His objection appears to conflate two elements of the *McDonnell Douglas* burden-shifting test for evaluation employment discrimination claims. *See McDonnell Douglas Corp. v. Green*, 411

U.S. 792, 802-04 (1973). The R&R found that Mr. West failed to establish a *prima facie* case of race discrimination, as required by the *McDonnell Douglas* test, because he did not meet the fourth prong of that test – showing that the positions he sought were filled by equally or less qualified employees of other races than his own. (R&R at 11-12.) The R&R found that of five vacant positions, three were filled by African-American employees and two by white employees. Mr. West is African-American. It further noted that Mr. West had introduced no evidence of the other employees' qualifications. Accordingly, the R&R concluded that Mr. West had not made out a *prima facie* case of race discrimination. (R&R at 12.) Mr. West takes issue with this finding, asserting that evidence showed that the two white females who were hired for the positions had educational qualifications inferior to his own. (Objection at 2.) No such argument is made in Mr. West's brief in opposition to summary judgment (Doc. # 41), however, and the court declines to consider arguments made for the first time in the Objection. Thus, the court agrees with the R&R's finding that Mr. West did not make out a *prima facie* case of racial discrimination.

Intertwined with this objection is Mr. West's disagreement with the R&R's alternative conclusion that, even if he had made out a *prima facie* case, he would fail at the next step of the *McDonnell Douglas* framework, because Mando America had a legitimate and nondiscriminatory reason for favoring the other employees over Mr. West. (Objection at 1-2; R&R at 12-14.) According to Mr. West, Mando America's proffered reason that he "would not work well with others" (Doc. # 34, at 11) was the type of reason rejected by courts as a

2

"wholly subjective and unarticulated standard[]." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 104 (2d Cir. 2001). But in *Byrnie*, the court also noted that "there is nothing unlawful about an employer's basing its hiring decision on subjective criteria, such as the impression an individual makes during an interview." *Id*. (quotation marks omitted). Few decisions made during a hiring process are likely to be entirely "objective," in the sense of being capable of reduction to numbers or mechanical formulae. What is required is that an employer be sufficiently "clear and specific" about its reasons that the nature of the subjective judgment is brought into focus. *Id*. at 105 (quotation marks omitted). Mando America met that standard, asserting that on the basis of Mr. West's interview, it concluded that he would not work well with other employees. (Doc. # 34, at 11.) No more is required. *See also Chapman v. AI Transp.*, 229 F.3d 1012, 1034 (11th Cir. 2000) ("[S]ubjecitve reasons are not the red-headed stepchildren of proferred nondiscriminatory explanations for employment decisions. Subjective reasons can be just as valid as objective reasons.").

**B. Restructuring of the Quality Department as a Racially Motivated Scheme**

Mr. West's next contention concerns his claim that the restructuring of Mando America's quality control department, in which he was employed, was a racially motivated scheme. Once again, Mr. West entirely failed to develop any arguments relating to this claim in his brief opposing summary judgment, reciting only general principles of law (Doc. # 41, at 5), and the R&R deemed this claim abandoned. (R&R at 9 n.2.) Mr. West cannot now revive his claim by making arguments for the first time in the Objection. Even if the new

3

arguments were considered, they do not contain "statistical evidence of a kind and degree sufficient" to establish a disparate impact claim. *Summers v. Winter*, 303 F. App'x 716, 719 (11th Cir. 2008). This objection lacks merit.

## C. Retaliation Claim

Mr. West's final objection is to the R&R's treatment of his retaliation claim. The R&R found that Mr. West did not establish a *prima facie* case of retaliation, because he relied entirely on the proximity of five months between the filing of his original EEOC claim and having suffered an adverse employment action, and such a temporal proximity was too remote to give rise to a presumption of proximity. (R&R at 16.) Such a conclusion is well supported by the case law cited in the R&R. Mr. West fails to address this reasoning directly, instead contending that a jury could refuse to believe testimony by a Mando America human resources manager that only human resources staff is informed of EEOC charges made against the corporation. (Objection at 4.) But the R&R's conclusion was not based on crediting this testimony, but on the fact that Mr. West's only evidence of retaliation was the length of time that elapsed between his EEOC charge and the adverse employment action. Accordingly, the objection lacks merit.

## II. CONCLUSION

For the foregoing reasons, it is ORDERED that:

(1) The R&R (Doc. # 49) is ADOPTED;

(2) The Objection (Doc. # 51) is OVERRULED;

(3)  Mando America's motion for summary judgment (Doc. # 33) is GRANTED;

(4) This case is DISMISSED with prejudice; and

Final judgment will be entered separately.

DONE this 12th day of May, 2010.

                                                /s/ W.  Keith Watkins
                                    UNITED STATES DISTRICT JUDGE